## LEÓN ANGLADA, demandante y apelado, *v.* RAMÓN MORALES, demandado y apelante.

No. 3408.—*Visto:* Febrero 26, 1925. *Resuelto:* Julio 8, 1925.

1. INJUNCTION—MATERIAS SUJETAS A PROTECCIÓN Y REMEDIO—BIENES, TRASPASOS Y GRAVÁMENES—INJUNCTION PARA RECOBRAR LA POSESIÓN—DEMANDA SUFICIENTE.—Una demanda que alega que el demandante es dueño de una finca que se describe, cuya posesión real ha venido disfrutando; que el demandado lo despojó de su posesión material y detenta y viene detentando dicha posesión, es suficiente.

2. APELACIÓN Y ERROR—REVISIÓN—CUESTIONES DE HECHO, VEREDICTOS Y CONCLUSIONES—CONCLUSIONES SOBRE LA PRUEBA.—Examinada la prueba en el caso de autos, *se resolvió:* que la corte inferior no erró al apreciarla y la sentencia no era contraria a la misma.

3. APELACIÓN Y ERROR—REVISIÓN—CIRCUNSTANCIAS RELATIVAS A LA ALEGADA PASIÓN Y PREJUICIO.—Examinadas las circunstancias que se consideran por el apelante, como indicativas de pasión y prejuicio en la mente del juez sentenciador, *se resolvió:* que ellas no son suficientes para demostrar tal prejuicio o pasión.

SENTENCIA de *Tomás Bryan,* J. (Aguadilla), declarando con lugar demanda de injunction para recobrar posesión, con costas. *Confirmada.*

*Buenaventura Esteves,* abogado del apelante; *José Luis R. Cancio,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

Apela el demandado de una sentencia dictada contra él en un procedimiento de *injunction* para recobrar la posesión material de una propiedad inmueble, y alega que:

"1. La corte de distrito erró al declarar sin lugar la excepción previa y resolviendo que la demanda aduce hechos suficientes para constituir una causa de acción.

"2. La corte de distrito erró al ordenar que se eliminara de la contrademanda (?) todo lo que se refiere al título 'dejando en vigor lo que se refiere a la posesión y a los hechos, o sea: se elimina de la contrademanda todo el hecho 'B,' todo el hecho 'C,' del hecho 'D' se elimina, después de la primera coma (,) la palabra 'sin título.' Del hecho 'E,' después de las palabras 'que viene poseyendo,' que se elimine 'como dueño,' y después de las palabras 'de buena fe,' se elimina 'y justo título.'

"3. La corte de distrito cometió un manifiesto error en la apre-

ciación de la prueba en este caso y demostró un marcado prejui-
cio y apasionamiento en contra del demandado y a favor del de-
mandante.

"4. La corte de distrito erró al dictar en este caso una sentencia
que es contraria a derecho y contraria a las pruebas, lesionando el
claro derecho del demandado a la posesión del terreno que legíti-
mamente le pertenece.''

[1] Los hechos alegados en la demanda son los siguien-
tes:

"2. Que el demandante es dueño en pleno dominio de la finca
que se describe más adelante, cuya posesión real ha venido disfru-
tando desde hace más de cinco años. 'Predio rústico compuesto
de siete cuerdas, radicado en el barrio Salto de San Sebastián, P. R.,
en lindes por el Norte con terrenos del demandado y la quebrada
Cáncora; por el Sur con otros terrenos del demandante; por el
Este con terrenos de Manuel Cruz; y por el Oeste con terrenos de
Juan Rivera Santana.

"Que hace como 20 días, el demandado, acompañado de Pedro
y de Antonio Morales como empleados suyos armados todos de ma-
chete y en actitud amenazadora, despojó al demandante de la po-
sesión material de la finca predescrita, lanzando un ganado que el
demandante tenía en ella a otros terrenos que posee el demandante
contiguos a la misma, por su parte Sud.

"4. Que el mismo día de autos, el demandado, asistido de An-
tonio y Pedro Morales, llevó a la dicha finca detentada, ganado de
su propiedad, haciendo cargo de dicho ganado y finca a los mencio-
nados Pedro y Antonio.

"5. Que desde el mismo día de autos, el demandado ha conti-
nuado y aún continúa detentando la posesión material del predio
en cuestión, habiendo amenazado al demandante con quitarle la vida
a él, o a cualquiera otra persona que por encargo suyo trate de re-
cuperar la posesión del predio referido.''

Una lectura cuidadosa de los estatutos que sirven de
fundamento a la acción, como quedaron enmendados en el
año 1917 (2) (p. 221), será bastante para demostrar que
la primera contención del apelante no puede ser sostenida.

Se radicó la contestación al ser llamado el caso para
juicio y el demandante solicitó de la corte que eliminara la
materia nueva alegada por vía de defensas afirmativas. El

demandado no ofreció ninguna explicación de la elaborada exposición en cuanto al origen, naturaleza y condición de su título, pero la corte prontamente pudo descubrir que ciertas partes del documento de ser interpretadas liberalmente podrían envolver la alegación de que el demandado estaba en posesión de una parcela de quince cuerdas de terreno colindantes con la propiedad del demandante, y que éste trataba de privar al demandado de una parte de los terrenos así poseídos por él. Habiendo descubierto esto la corte inferior, actuando a virtud de la teoría de que sólo estaba envuelta una cuestión de posesión, procedió a eliminar los particulares mencionados en el segundo señalamiento.

El único fundamento de excepción alegado fué que las alegaciones así eliminadas no "constituían un conflicto de título," y el razonamiento en el alegato es en sustancia que:

"Las alegaciones del demandado eliminadas por orden de la corte eran tendentes a demostrar que el demandante no poseía ni ha poseído nunca finca alguna de siete cuerdas con la descripción que pone en su demanda, ni con ninguna otra descripción, y que el demandado no detenta ni puede detentar una posesión imaginaria. En la misma demanda se alega que las siete cuerdas colindan por el Norte con terrenos del demandado y nuestra defensa va a demostrar que poseemos una finca de 15 cuerdas, *debidamente inscrita,* la cual colinda por uno de sus vientos con terrenos que pertenecieron a don José Santos Hernández, hoy del demandante, y que éste, sin título ni derecho alguno, utilizando para ello medios violentos y en actitud amenazadora, fungiendo de valiente, viene tratando de despojar al demandado de una parte de dicho inmueble, molestándole en la posesión arrancando alambres y cercas puestas por el demandado, quien se ha visto obligado varias veces a quejarse a las autoridades de San Sebastián y hasta a denunciarlo criminalmente para conseguir que el demandante le respete sus derechos."

Si en realidad fué éste el pensamiento dominante del demandado, entonces debió haberse hecho una pronta manifestación en ese sentido al ser presentada la moción de eliminación. Aparte de la cuestión de la inscripción del título en el registro de la propiedad, la que claramente nada

tuvo que ver con el caso, los particulares a que acabamos de referirnos constaban, en tanto en realidad aparecían, no de las alegaciones eliminadas sino de lo que quedó después de la eliminación del elemento del título.

De todos modos se permitió al demandado probar por declaraciones de testigos su título o reclamación de dominio en cuanto a las quince cuerdas, y la corte inferior no tuvo dudas de dicho título o reclamación en manera alguna o en algún momento. El error, si lo hubo, al conceder hasta el límite indicado la moción para eliminar, no era por tanto perjudicial.

[2] No encontramos ningún error en la apreciación de la prueba ni es tampoco la sentencia contraria a la evidencia.

Los testigos principales de la defensa fueron el demandado y sus dos hijos.

La declaración del demandante tendió fuertemente a sostener las alegaciones de la demanda y las conclusiones hechas sustancialmente de conformidad con la misma demanda no fué en sus pormenores esenciales desvirtuada por el extenso examen de repreguntas, y prácticamente no fué contradicha por los testigos de la defensa a que nos hemos referido. La declaración del demandado y la de uno de sus hijos parece que se hicieron en ausencia del abogado del demandante y ninguno de ellos estuvo sujeto a la prueba de las repreguntas. La forma en la cual el otro hijo afrontó esa prueba no tuvo por fin inspirar confianza en la verdad de sus afirmaciones.

Un extracto del récord taquigráfico que comprende la parte sustancial de la prueba del demandado, siguiendo su descripción de la finca por él poseída y la forma de su adquisición, será suficiente para demostrar el método peculiar empleado en el interrogatorio de estos testigos. Dicho extracto es el siguiente (bastardilla nuestra):

"Dígame señor, Ud. ha lanzado *de algún terreno del señor An-*

*glada,* alguna vez, algún ganado, *armado de machete?*—No, señor, nunca, los animales del señor Anglada los *he cogido en mi finca* y los he llevado al depósito.—¿Cuántas veces?—Tres o cuatro.—¿De modo que cada vez que Ud. ha cogido ganado de Don León Anglada en la finca de Ud., lo ha llevado al depósito?—Lo he llevado al depósito.—¿Don León Anglada tiene alguna finca que colinde con la suya?—Colinda una finca que era de Chepo Hernández.—¿De Don José Hernández?—Hernández.—¿De cuántas cuerdas?—40 cuerdas más o menos.''

Si las negativas contenidas en la contestación archivada por el demandado se hubieran hecho en la forma de negaciones afirmativas (*negative pregnant*) el demandante hubiera tenido derecho a una sentencia sobre las alegaciones.

[3] Que la corte inferior estuvo impresionada desde el principio con la veracidad de la prueba del demandante, y dudosa de la presentada por el demandado es enteramente claro; y no parece que se haya hecho ningún esfuerzo por ocultar el hecho. Ni tampoco el hecho de que el juez sentenciador no dejó de ocultar su actitud mental es prueba de pasión o prejuicio. Es cierto que él tuvo alguna participación con más o menos liberalidad de la necesaria en el interrogatorio de los testigos; y hemos tenido ocasión hasta ahora de llamar la atención acerca de la conveniencia que existe en observar algún grado de dominio propio en lo que respecta a intervenir con la forma de conducir el caso los abogados. *Butler et al.* v. *Sorongo et al.,* 28 D.P.R. 84. Pero en el presente no encontramos tal abuso de discreción en este sentido que justifique una revocación.

El demandado, momentos antes de cerrar su caso, llamó al demandante como testigo. El abogado del demandante preguntó qué se proponía probar el demandado con este testigo y, al parecer, sin esperar la contestación del abogado del demandado, hizo la corte una indicación algo rara por no decir sorprendente que por fortuna no tenemos que citar en toda su extensión o considerar en relación con sus méritos o defectos intrínsecos. La resolución realmente dic-

tada no se ha demostrado que haya privado al demandado
de ningún derecho sustancial, ni siquiera se · ha alegado
como error; pero se cita únicamente como el punto culmi-
nante de una serie de circunstancias que el abogado del ape-
lante considera como indicativa de pasión y prejuicio en la
mente del juez de distrito.

No podemos convenir con el apelante en cuanto a la sig-
nificación de estos detalles; aunque si la preponderancia de
la prueba hubiera estado tan claramente a favor del de-
mandado como estuvo en favor del demandante, entonces la
actitud que ahora se impugna pudo haber sido difícil de
explicar o sostener. Pero si la situación hubiese sido lo
contrario, en tanto se trata del peso de la prueba aducida
al juicio, entonces es lógico asumir que el demandante en
vez del demandado hubiera tenido tanto motivo de queja en
lo que respecta a la actitud del juez sentenciador como tiene
ahora el demandado.

El incidente a que acabamos de referirnos revela una
falta lamentable de conocimiento de las reglas elementales
de evidencia y tal premura en resolver un punto respecto
al cual no está bien informada la corte, y en acudir de prisa
a ayudar a un testigo que también es parte y está repre-
sentado por abogado, antes de llegar a la silla de testigos
o sin siquiera haber solicitado la ayuda o protección del juez
o que en manera alguna está en peligro o necesita de tal
protección o ayuda, no es desde luego recomendable. Pero
el demandante había sido declarado culpable de daños mali-
ciosos en la corte municipal y el caso había sido desesti-
mado en apelación a la corte de distrito por envolver una
cuestión civil en vez de un delito. Interpretadas en rela-
ción con esta circunstancia, las razones aducidas por el juez
sentenciador para su actuación, por erróneas que pueden ser,
indican una fuerte convicción de que el demandante, como
un demandado confrontado por lo que la corte inferior, con
o sin razón, caracterizó como contrademanda, tenía derecho
a cierta clase de privilegio o exención, cuya violación no

puede ser tolerada. Lo que tuvo en mente precisamente la corte inferior no resulta claro. Quizás no fué claro para la misma corte. Pero de lo que consta estamos persuadidos de que tanto la resolución dictada y las razones formuladas para tal actuación procedían de una honrada mala interpretación de las reglas de evidencia y procedimiento, más que de pasión o prejuicio, consciente o sub-consciente.

Después de una detenida consideración de todos los autos es difícil concebir cómo podría cualquier corte haber llegado a una conclusión distinta; *y debe por tanto confirmarse la sentencia apelada.*